IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Julia Catherine Stanley, | ) | Case No. 2:24-cv05175-DCC |
| a/k/a Nagipe Jutawin Stanley, | ) | |
| a/k/a Nagipejutawin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Tyler Whitton Stanley and the State of | ) | |
| South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se Complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On October 16, 2024, the Magistrate Judge issued an order directing Plaintiff to file various documents to bring this case into proper form for further evaluations and possible service of process.  ECF No. 4.  Plaintiff did not respond to the order.  On November 21, 2024, the Magistrate Judge issued a second proper form order giving Plaintiff an additional opportunity to bring this case into proper form.[1]  ECF No. 6.  Plaintiff did not respond to the order.  In both orders,

---

[1] The Court notes that the second proper form order and the Report have been returned as undeliverable.  ECF Nos. 14, 16.  To date, the first proper form order has not been returned.  On her document filed after the Report, Plaintiff lists a different address from the one given on her complaint form.  Upon review, the address listed is for the Supreme Court of the United States; accordingly, the Court will not reissue the returned

the Magistrate Judge specifically warned Plaintiff that failure to comply may subject her case to dismissal. ECF Nos. 4, 6. On December 11, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without issuance and service of process pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with orders of the Court. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed a document labeled "Regarding Her One and Only Sacred Child, L.N.M.S." ECF No. 13.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo

---

mail to that address. Plaintiff has not provided any other mailing address and, as such, this Court has no way to contact her about her case.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge has provided a thorough recitation of the facts and applicable law, which the Court incorporates by reference. While Plaintiff did not receive a copy of the Report and, therefore, filed no objections, out of an abundance of caution for a pro se party, the Court has reviewed this action, including Plaintiff's most recently received letter, de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b), without issuance of service of process, and without leave to amend.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 21, 2025
Spartanburg, South Carolina

---

[2] To the extent it is significant, the dismissal is for failure to comply with ECF No. 4 since Plaintiff did not receive the second proper form order.

3